UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW LANDRY, individually and on behalf of all others similarly situated, <br>     Plaintiff, <br><br> v. <br><br> PRIORITY 1 AIR RESCUE OPERATIONS, ARIZONA LP, <br>     Defendant. | DOCKET NO. 2:15-cv-6979-JTM-SS <br><br> JUDGE JANE TRICHE MILAZZO <br><br> MAGISTRATE JUDGE SALLY SHUSHAN |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between Andrew Landry on behalf of himself and all others similarly situated (collectively referred to as "Plaintiffs"); and (2) Priority 1 Air Rescue Operations, Arizona LP ("Priority"). The Parties hereto agree to the following:

1. **Consideration.** In consideration for signing this Settlement Agreement and Release, and complying with its terms:

    a. Priority agrees to pay to Plaintiffs and their counsel a total of Six Hundred Thousand Dollars and zero cents ($600,000.00). This payment shall be apportioned as follows:

    (1) Priority will collectively pay Plaintiffs a total sum of $450,000. Half of the foregoing amount will represent back wages and half will represent liquidated damages, penalties, and other consideration. Required federal and state income and employment taxes shall be withheld from the wages portions of the payments, but no deductions will be made from the non-wages portions of the payments. Priority will issue to Plaintiffs Form W-2s for the back wages portions of the payments and Form 1099s (box #3) for the non-wages portions of the payments. Priority shall pay the employer's share of all required payroll taxes on the foregoing payments. This payment will be allocated among and distributed to Plaintiff and putative class members as follows:

    a. Lane Abshire: $9,489.78

    b. Ryan Andrews: $16,632.56

    c. Derrick Ansley: $1,871.44

    d. Dustin Bernatovich: $12,663.51

e. Lukas Boyd: $3,222.78

f. Ashley Burke: $12,525.62

g. Dan Cancetty: $3,774.91

h. Jay Caskey: $14,372.23

i. Lenny Cunningham: $14,435.94

j. Clarence Darby: $14,540.50

k. Luc Deffense: $10,923.10

l. Troy Delahoussaye: $13,423.17

m. Patrick Estrada: $11,254.33

n. Greg Farney: $9,788.54

o. Alex Farnsworth: $5,381.89

p. Richard Forbes: $7,978.97

q. Jamie Force: $3,525.74

r. Chris Fowler: $12,866.02

s. Mike Guidice: $340.45

t. Danny Hoffmeier: $3,522.92

u. Jon Inman: $4,229.10

v. Kelly King: $5,071.06

w. Andrew Landry: $24,509.20

x. Ebin Latrimurti: $3,282.06

y. Brian Laubenstein: $19,162.45

z. Joe Martin: $9,499.46

aa. Tim McClanahan: $1,279.82

bb. Claude Morrissey: $2,205.38

cc. Lyle Odell: $10,599.24

dd. Craig Potts: $13,439.03

ee. Aaron Pounds: $15,830.73

ff. Jason Quinn: $10,536.38

gg. Jesse Reighard: $14,138.74

hh. Kurt Revels: $8,216.32

ii. Jason Segal: $21,373.36

jj. Jon Shipps: $5,871.64

kk. Dustin Skarra: $17,837.59

ll. Leroy Skinner: $7,588.81

mm. Mike Steinbach: $4,718.20

nn. Justin Stiehl: $11,995.45

oo. Harry Tate: $12,222.87

pp. Brian Tharp: $3,808.30

qq. Brice Twombly: $13,706.45

rr. Roger Wilson: $12,141.83

ss. Andrew Yost: $14,202.14

(2) Plaintiff and his legal counsel understand and agree that the Settlement Consideration may be subject to applicable federal, state and/or local taxation, and that any applicable tax withholdings shall be made from such payments, and there will be applicable tax reporting. The Priority Releasees (defined below) make no representation about the appropriate tax treatment of the payments contemplated herein. Except as otherwise provided herein, the Parties and their counsel acknowledge and agree that payment of any taxes due are entirely the responsibility of the recipient(s).

(3) Priority will pay Plaintiffs' counsel, Estes Davis Law, LLC, $150,000 in attorney's fees and $0.00 costs. Priority will issue to Estes Davis Law, LLC a Form 1099 (box #14) for these payments.

(4) Priority will issue the foregoing payments according the following payment schedule:

    a. Within seven (7) calendar days after the United States District Court for the Eastern District of Louisiana approves the terms of this settlement, Priority will pay one-fifth of all amounts due.

    b. Within thirty-seven (37) calendar days after the United States District Court for the Eastern District of Louisiana approves the terms of this settlement, Priority will pay one-fifth of all amounts due.

    c. Within sixty-seven (67) calendar days after the United States District Court for the Eastern District of Louisiana approves the terms of this settlement, Priority will pay one-fifth of all amounts due.

    d. Within ninety-seven (97) calendar days after the United States District Court for the Eastern District of Louisiana approves the terms of this settlement, Priority will pay one-fifth of all amounts due.

    e. Within one-hundred-twenty-seven (127) calendar days after the United States District Court for the Eastern District of Louisiana approves the terms of this settlement, Priority will pay one-fifth of all amounts due.

(5) Priority will pay any costs associated with administration of the settlement. However, Priority does not intend on hiring a settlement administrator but rather the Parties agree that Priority will make the settlement payments directly to the participants according to the schedule outlined in paragraph 1(a)(3) above.

    b. Prospectively, Priority agrees to pay all paramedics, hoist operators, rescue swimmers and other personnel for air ambulance services overtime for all hours worked over 40 hours worked per week, according to fluctuating workweek agreements Priority has agreed to with each paramedic, hoist operator and other personnel for air ambulance services. Nothing in this Agreement shall affect Priority's unilateral discretion to determine the terms and conditions of the paramedics, hoist operators, rescue swimmers and other personnel for air ambulance services' employment.

    c. Plaintiffs' counsel agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the Eastern District of Louisiana in conjunction with the case captioned Landry, et al. v. Priority 1 Air Rescue Operations, Arizona LP, Case No. 2:15-cv-6979-JTM-SS (E.D. La.) (the "Litigation"). Priority agrees not to oppose Plaintiffs' counsel's request to the Court for an award of fees and costs. Plaintiffs' request to the court for an award of fees and costs shall have no effect on the binding nature of the remainder of this Agreement. Upon approval of this

settlement by the Court, Plaintiffs agree to take all action necessary to have the claims in the Litigation dismissed with prejudice, subject to the terms of paragraph "3" below.

2.  **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in paragraph "1" above, except for the execution of this Settlement Agreement and Release and the fulfillment of the promises contained herein.

Upon preliminary approval of this Agreement, the Parties shall send a notice of settlement to each putative class member informing them of the settlement and their ability to participate in the settlement. In order to claim their share of the settlement proceeds, each putative class member must file a consent to participate with the Court within 45 days of the date of mailing. Should any class member fail to file a claim with the Court, such class member's share of the settlement will not be paid by Priority.

3.  **Release of Claims.**

Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, each Plaintiff who files their consent with the Court releases and forever discharges (i) Priority; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Priority; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Priority Releasees"), from any and all claims that were or could have been brought by him or her in the Litigation based on the factual allegations in the Complaint, whether known or unknown, through the date of this Settlement Agreement and Release, regarding any wage and hour claims under federal, state, or local law for hours worked, including such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked, and any other claims for compensation, benefits or other damages arising from or related to the operative facts set forth in the Complaint. In consideration for said release, Priority Releasees in solido guarantee all obligations of Priority set forth herein.

4.  **Acknowledgments and Affirmations.**

Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against Priority, except those in the Litigation currently pending in the United States District Court for the Eastern District of Louisiana.

5.  **Governing Law and Interpretation.** This Settlement Agreement and Release shall be governed and interpreted in accordance with the laws of Louisiana. In the event of a breach of any provision of this Settlement Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and Release and/or seek any damages for breach. The prevailing party in any such action shall be entitled to his/her/its reasonable attorney fees and costs. This agreement is not severable.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Settlement Agreement and Release nor the furnishing of the consideration for this Settlement Agreement and Release shall be deemed or construed at any time for any purpose as an admission by the Priority Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment.** This Settlement Agreement and Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Settlement Agreement and Release.

8. **Entire Agreement.** This Settlement Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement Agreement and Release, except for those expressly set forth in this Settlement Agreement and Release.

9. **Counterparts.** This Settlement Agreement and Release may be executed in one or more counterparts and by facsimile or email. All executed copies of this Settlement Agreement and Release, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

10. **Invalid Without Court Approval.** This Settlement Agreement and Release is subject to approval by the United States District Court for the Eastern District of Louisiana in the Litigation. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation. In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release, but the Parties shall be required to request immediate referral to a U.S. Magistrate Judge for a mediation, to address any issues precluding enforcement by the Court.

11. **No Signature Required By Putative Class Members.** Because the putative class members are so numerous, because the filing of their Consent Forms will constitute an agreement to be bound by any settlement or judgment, and because this Settlement Agreement and Release must be approved by the Court, it is impossible or impractical to have each putative class member execute this Agreement. By his signature below, Plaintiff Andrew Landry represents and affirms that he has the authority to sign this Agreement (including all of its terms) on behalf of all putative class members who file Consent to Join forms with the Court in the Litigation. The Consent to Join Form shall specifically require each putative class member to grant such authority to Andrew Landry on their behalf. To further confirm their agreement to the terms of this Settlement Agreement and Release, the following language shall be included on each settlement check sent to each Plaintiff: "My signature on, deposit, or cashing of this check confirms my release of Priority 1 Air Rescue Operations, Arizona LP and all Released Parties as

provided in the Settlement Agreement and Release approved by the Court in Landry, et al. v. Priority 1 Air Rescue Operations, Arizona LP, Case No. 2:15-cv-6979-JTM-SS (E.D. La.) and my agreement to be bound by the terms of the Settlement Agreement and Release."

12. **Retention of Jurisdiction**. The Court shall retain exclusive jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND RELEASE AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT AND RELEASE. PLAINTIFFS AND PUTATIVE CLASS MEMBERS (VIA NAMED PLAINTIFF LANDRY) FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**PRIORITY 1 AIR RESCUE OPERATIONS, ARIZONA LP:**

By: _[signature]_                                           Date: 02-26-2016

**ANDREW LANDRY (on behalf of himself and all putative class members** who file Consent to Join forms with the Court in the Litigation.**):**

By: _[signature]_                                           Date: 02-25-2016

4833-5638-4046, v. 4